| | | |
|---|---|---|
| KARLA WILLIAMS, Individually and on behalf of the Heirs at Law of DAVID WILLIAMS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | Case No. 6:22-CV-03317 |
| WEBSTER COUNTY, MISSOURI, Serve: Paul Ipock Presiding Commissioner 101 S. Crittendon, Rm 11 Marshfield, Missouri 65706 | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| and | ) ) | |
| SHERIFF ROYE H. COLE, Serve at Place of Employment: Webster County Sheriff's Office 101 S. Crittendon Marshfield, Missouri 65706 | ) ) ) ) ) ) | |
| and | ) ) | |
| MISSOURI STATE HIGHWAY PATROL, Serve: 1510 East Elm Street P.O. Box 568 Jefferson City, Missouri 65102 | ) ) ) ) ) ) | |
| and | ) ) | |
| TROOPER J.W. PHILPOTT Serve at Place of Employment: Missouri State Highway Patrol Troop D Zone 10 289 Pinoak Loop, MoDot Building Marshfiled, Missouri 65706 | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

# COMPLAINT

COMES NOW Plaintiff Karla Williams, Individually and on behalf of the Heirs at

Law of David Williams, deceased, and for her Complaint against the Defendants who are

1

sued in their individual and official capacities states the following:

## INTRODUCTION

1. Plaintiff Karla Williams, Individually and on behalf of the Heirs at Law of David Williams, deceased, seeks judgment against Defendants for violation of Mr. Williams' rights under the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988; violation of his rights under the Missouri Constitution; and Missouri's negligence, negligent supervision, negligent training, negligent retention, and wrongful death laws. Plaintiff also seeks judgment against Defendants Webster County, Missouri and the Missouri State Highway Patrol for implicitly or explicitly adopting and implementing policies, customs, or practices that included, among other things, allowing officers with no or inadequate training to assess the conditions, including right to be free from the use of excessive force; and for its unconstitutional policies, customs and/or practices. These policies, customs, or practices and/or failure to have the same reflected a deliberate indifference to Mr. Williams.

## JURISDICTION AND VENUE

2. This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. The claims asserted herein arose in the Western District of Missouri, Webster County, venue is therefore proper in this Court.

## PARTIES

5. Plaintiff Karla Williams is and was at all times relevant herein the biological sister of David Williams. Plaintiff is therefore the appropriate party to bring this action on behalf

of all members of the class for wrongful death pursuant to R.S.Mo. § 537.080.

6.      Defendant Webster County, Missouri ("Webster County") is a political subdivision of the State of Missouri and operates the Webster County Sheriff's Office, located in Webster County, Missouri.

7.      At all times relevant hereto, upon information and belief, Defendant Sheriff Roye H. Cole was a citizen and resident of Webster County, Missouri and was acting in his capacity as a Sheriff, employed by Webster County Sheriff's Office and acting under the color of State law at the time of Mr. Williams' death. He is hereby sued in both his individual and official capacities.

8.      Defendant Missouri State Highway Patrol is a political subdivision of the State of Missouri and operates the Missouri State Highway Patrol Troop D in the City of Marshfield located in Webster County, Missouri.

9.      At all times relevant hereto, upon information and belief, Defendant Trooper J.W. Philpott was a citizen and resident of Webster County, Missouri and was acting in his capacity as a Trooper, employed by Missouri State Highway Patrol and acting under the color of State law at the time of Mr. Williams' death. He is hereby sued in both his individual and official capacities.

10.     Webster County has established and/or delegated to Defendant employees of the Sheriff's Department the responsibility of establishing and implementing policies, practices, procedures and customs in providing the arrest, detention and appropriate monitoring of individuals similarly situated as Mr. Williams; and for implementing policies, practices, procedures, and/or customs for training other officers in these matters.

11.     All negligent and/or intentional acts and/or omissions which caused the death of Mr. Williams occurred while he was surrounded by law enforcement from the City of

3

Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol near Lake Hill Road, Seymour, Missouri 65746.

12. These causes of action arose under the 8th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri and under Missouri common law for negligence, negligent supervision, negligent training, negligent retention and wrongful death.

13. Each of the intentional and/or negligent acts and/or omissions complained of herein which caused the death of Mr. Williams occurred on or about September 9, 2021, the date of his death, while he was surrounded by law enforcement including but not limited to Defendants near Lake Hill Road, Seymour, Missouri 65746.

**FACTS**

14. On or about the morning of September 9, 2021, law enforcement from the City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol were dispatched near Lake Hill Road, Seymour, Missouri 65746 in response to a subject bearing a rifle who was suspected to be involved in an underlying house fire and auto theft.

15. Upon information and belief, Seymour Police Officer Gabe Stroud came into contact with the suspect, Mr. David Williams, who stated to Stroud, "f*** you Stroud why don't you guys just leave me alone."

16. Upon information and belief, Mr. Williams had lived in the area for a number of years and was generally known by law enforcement.

17. According to law enforcement, Mr. Williams continued walking away with a .22 Rossi rifle.

18. According to law enforcement as Mr. Williams was walking away, law enforcement gave verbal commands to which Mr. Williams would turn toward them with the rifle and then turn back around away from law enforcement to begin walking again.

19. Ultimately, Mr. Williams ran to a wood line where a visual of him was lost by law enforcement.

20. At approximately 12:40 hours, the Missouri State Highway Patrol helicopter located Mr. Williams in a tree stand in the woods near Lake Hill Road, Seymour, Missouri 65746.

21. At this point in time, numerous law enforcement agencies had joined the search for Mr. Williams including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol.

22. As Mr. Williams sat in the tree stand, he was surrounded by law enforcement from the City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol.

23. Due to the numerous law enforcement agencies' involvement, lines of communication between law enforcement from the City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol was difficult.

24. At 13:19 hours, Defendant Cole stated that he "can't hear them" regarding law enforcement communication.

25. During this time period, the Missouri State Highway Patrol helicopter was also hovering overhead.

26. Defendant Cole confirmed that law enforcement "got a circle" around Mr. Williams

in the tree stand.

27. At 13:20 hours, Defendant Cole stated that he had "the red dot on him" meaning Mr. Williams was in his sights to shoot so he could see Mr. Williams and his movements.

28. While in the tree stand, Mr. Williams communicated with law enforcement requesting water.

29. At approximately 13:21 hours, Defendant Philpott, Trooper for the Missouri State Highway Patrol, discharged his weapon twice.

30. Directly afterward, Defendant Cole shot Mr. Williams dead in the tree stand stating "I got him."

31. While Mr. Williams was surrounded in the tree stand, he did not fire any shot whatsoever.

32. Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Mr. Williams by use of excessive force in killing him while he was up in a tree stand completely surrounded by law enforcement including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol as well as a State Highway Patrol helicopter.

33. Defendants individually and in concert with one another through the policies and procedures instituted by them fostered an environment which led to the deliberate indifference of Mr. Williams contravention of his civil rights.

34. Each of the Defendants, individually and in concert with one another, acted under the color of State law in both their individual and official capacities to deprive Mr. Williams of his rights secured to Mr. Williams by the 8th and 14th Amendments to the Constitution

6

of the United States and by 42 U.S.C. §1983.

35.     As a direct and proximate result of the intentional and/or negligent acts of all Defendants, Plaintiff suffered the loss of her brother, David Williams.

36.     As a direct and proximate result of the actions of all Defendants described above and pursuant to Mo. Rev. Stat. 537.090, Plaintiff has damages as follows: damages that decedent Mr. Williams suffered between and up to the time of his death, and for the recovery of which the decedent might have maintained an action had death not ensued; pecuniary loss suffered by reason of the death of Mr. Williams; funeral expenses; and a reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and the support of which Plaintiff has been deprived by reason of the death of Mr. Williams.

37.     All of the aforementioned actions demonstrate that Defendants' actions were reckless and/or callously indifferent to Mr. Williams' rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

38.     Plaintiff is entitled to compensation for violations of Mr. Williams' constitutional rights that all Defendants inflicted upon him, including but not limited to all damages allowable for wrongful death pursuant to R.S.Mo. § 537.080; pain and suffering before death; attorney's fees; and punitive damages.

**COUNT 1:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**Against Defendants Cole and Philpott**

39.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraphs as if each were set forth herein.

40.     The Fourth Amendment prohibits the use of deadly force in non-deadly circumstances which do not pose an immediate threat of serious bodily injury and/or death.

41. The conduct of Defendants Cole and Philpott as identified in this count and described herein constituted excessive and deadly force in violation of the Fourth Amendment of the United States Constitution and clearly established law.

42. At all relevant times, Defendant Cole was acting under color of state law, as an agent of Webster County, Missouri, and within the scope of his employment and authority as Sheriff of Webster County, Missouri.

43. At all relevant times, Defendant Philpott was acting under color of state law, as an agent of the Missouri State Highway Patrol, and within the scope of his employment and authority as a Trooper of the Missouri State Highway Patrol.

44. At all relevant times, Defendants Cole and Philpott were acting in their capacity as law enforcement and directly participated in violating Mr. Williams' federal rights. Defendants Cole and Philpott are therefore liable in both their individual and supervisory capacities.

45. At all relevant times while Mr. Williams was up in a tree stand completely surrounded by law enforcement including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol as well as a State Highway Patrol helicopter, Defendants Cole and Philpott did not have a reasonable fear of imminent bodily harm.

46. Every reasonable officer would have known that using deadly force against an individual up in a tree stand completely surrounded by law enforcement including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol as well as a State Highway Patrol helicopter constitutes excessive force in violation of the Fourth Amendment.

47. Defendants' use of deadly force in killing Mr. Williams while in their sights, was objectively unreasonable and violated clearly established law.

48. As a result of Defendants' unjustified, excessive, and illegal, and deadly use of force, Mr. Williams experienced conscious pain and suffering and ultimately, died.

49. In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to the substantial risk of death by Mr. Williams after shooting and killing him in deprivation of Mr. Williams' rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

50. As a direct and proximate result of the violation of Mr. Williams' constitutional rights by the Defendant Cole, Mr. Williams suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. § 1983.

51. The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants.

C. Award Plaintiff punitive damages;

D. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other relief as the Court deems just and proper.

**COUNT 2:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs, and Practices**
**and Failure to Train, Supervise and Retain)**

**Against Webster County and Missouri State Highway Patrol**

52. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

53. From the time Mr. Williams was up in a tree stand completely surrounded by law enforcement including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol as well as a State Highway Patrol helicopter, his constitutional rights were deliberately disregarded and violated resulting in his death.

54. A reasonable officer in Defendants' position would have understood that using excessive force and shooting Mr. Williams in the tree stand completely surrounded by law enforcement including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol violated his constitutional rights.

55. Defendants Webster County and Missouri State Highway Patrol's policy, custom and/or practice resulted in deprivation of Mr. Williams' constitutional violations.

56. Defendants Webster County and Missouri State Highway Patrol failed to properly train or modify its training to Defendants Cole and Philpott and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, how to properly handle firearms and intervention in the excessive use of force by fellow officers.

57. Effectuating an arrest, use of firearms, using force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation with which Defendants Webster County and Missouri State Highway Patrol's law enforcement officers and other agents encounter on a regular basis.

10

58. With deliberate indifference to the rights of citizens, Defendants Webster County and Missouri State Highway Patrol failed to provide adequate training to its officers and/or personnel for reasonable and appropriate use of force during such arrests, how to properly handle firearms and intervention in the excessive use of force by fellow officers.

59. Defendants Webster County and Missouri State Highway Patrol were aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training.

60. As such, Defendants Webster County and Missouri State Highway Patrol were deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

61. The failure to train and/or to appropriately modify training constituted official Defendants Webster County and Missouri State Highway Patrol's policies, practices, or customs.

62. Defendants Webster County and Missouri State Highway Patrol's failure to train and/or to modify training was behind the acts and omissions the Defendants made toward Mr. Williams.

63. Alternatively, Defendants Webster County and Missouri State Highway Patrol's failure to have an adequate policy, custom and/or practice resulted in the violation of Mr. Williams' constitutional rights.

64. Defendants Webster County and Missouri State Highway Patrol developed and maintained policies, customs and practices exhibiting deliberate indifference to Mr. Williams' constitutional rights.

65. Alternatively, Defendants Webster County and Missouri State Highway Patrol failed to have adequate policies, customs, and practices to protect individuals, similarly

situated to Mr. Williams, constitutional rights.

66. Defendants Webster County and Missouri State Highway Patrol failed to train, supervise, and retain staff on the rights of individuals such as Mr. Williams, thereby demonstrating a deliberate indifference to Mr. Williams.

67. This failure to train amounts to a deliberate indifference to the rights of persons whom Defendants Webster County and Missouri State Highway Patrol's personnel come into contact with, including Mr. Williams.

68. Upon information and belief, Defendants Cole and Philpott were inadequately trained and supervised by Defendants Webster County and Missouri State Highway Patrol.

69. Defendants Webster County and Missouri State Highway Patrol implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, failing to properly handle firearms and/or weapons, allowing officers and/or personnel with no or inadequate training to use deadly force, assess the conditions including that of Mr. Williams, which policies, customs, or practices reflected a deliberate indifference to Mr. Williams.

70. The failures of Defendants Webster County and Missouri State Highway Patrol to implement policies and procedures amounts to deliberate indifference to Mr. Williams.

71. At the time of the above-described events, it was the custom or policy of Defendants Webster County and Missouri State Highway Patrol to inadequately supervise and train its officers and/or personnel, thereby evidencing a deliberate indifference to Mr. Williams' constitutional rights.

72. The need for training is obvious, and the lack of training was so inadequate that it was likely to result in violating the rights of Mr. Williams and those individuals similarly situated.

73.     Defendants Webster County and Missouri State Highway Patrol failure to supervise officers and/or personnel constituted a tacit authorization of the offensive acts.

74.     In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to the substantial risk of death by Mr. Williams after shooting and killing him in deprivation of Mr. Williams' rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

75.     As a direct and proximate result of the violation of Mr. Williams' constitutional rights by the Defendants, Mr. Williams suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. § 1983.

76.     The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

        WHEREFORE, Plaintiff prays this court:

 A.             Enter judgment in favor of Plaintiff and against Defendants;

 B.             Award Plaintiff compensatory damages and damages for aggravating circumstances against defendants.

 C.             Award Plaintiff punitive damages;

 D.             Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

 E.             Allow such other relief as the Court deems just and proper.

### COUNT 3:
### Wrongful Death

77.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

78.     Defendants owed a duty to handle their firearms and/or weapons properly and not

use excessive force, more specifically to Mr. Williams while he was up in a tree stand completely surrounded by law enforcement including but not limited to City of Seymour, Missouri, City of Rogersville, Missouri, City of Fordland, Missouri, Webster County Sheriff's Office and the Missouri State Highway Patrol as well as a State Highway Patrol helicopter.

79.     Defendants breached their duty of care in failing to handle their firearms and/or weapons properly, to provide reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers.

80.     Defendants owed a duty to ensure the safety of Mr. Williams including exercise of that degree of skill and learning ordinarily exercised under the same or similar circumstances by members of their profession.

81.     As a direct and proximate result of the aforementioned negligence and breach of care by the Defendants, Mr. Williams was injured, caused to suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

82.     That by reason of the foregoing, Plaintiff is entitled to recover fair and reasonable damages against the Defendants as provided for in § 537.080 R.S.Mo. for the wrongful injuries to and the wrongful death of Mr. Williams, including special damages for his funeral and burial.

83.     Mr. Williams suffered physical and mental pain which is an item of damage to be considered and awarded.

84.     Defendants' conduct in this case, as set forth in the Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Mr. Williams, or others similarly situated, and was

done with such reckless or callous indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, their costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## **INJURIES AND DAMAGES**

85. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

86. As a direct and proximate result of the negligence set forth above, decedent Mr. Williams suffered great personal injury, pain and suffering and mental anguish prior to his death.

87. As a direct and proximate result of the Defendants' deliberate indifference to Plaintiffs' decedent, Mr. Williams, he was forced to suffer the following severe, permanent and devastating injuries: Mr.Williams was caused to suffer severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death.

88. As a direct and proximate result of the deliberate indifference to Plaintiff's decedent Mr. Williams, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, instruction, guidance, counsel, training, support, love, and affection. Additionally, decedent suffered great physical pain and mental anguish through the time period of the Defendants' deliberate indifference to his death.

89. As a direct and proximate result of the Defendants' deliberate indifference to

decedent Mr. Williams, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

90.     Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to Mr. Williams in violation of his civil rights pursuant to 42 U.S.C. § 1983.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

Respectfully submitted,

LAUREN ALLEN, LLC

/s/ *Lauren Perkins Allen*
Lauren Perkins Allen
Missouri Bar #49845
4717 Grand Ave., Ste. 130
Kansas City, Missouri 64108
T:  816.877.8120
F:  816.817.1120
Email:  lpa@laurenallenllc.com


**ATTORNEY FOR PLAINTIFF**